**KESSLER MATURA**

March 28, 2025

**Via ECF**
Honorable Sarah L. Cave, U.S.M.J.
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1670
New York, NY 10007

   Re: *Peden v. 230FA LLC*
     Case No. 24 Civ. 07754 (SLC)
     <u>Motion for FLSA Settlement Approval</u>

Dear Judge Cave:

  Kessler Matura P.C. ("KM") represents Ashley Peden. Plaintiff writes with Defendant 230FA LLC's consent to respectfully request that the Court approve the Parties' Settlement and Release Agreement (the "Agreement") (Exhibit A) and so order the Stipulation of Dismissal with Prejudice (Exhibit F), as the settlement resulted from arms-length negotiations over contested matters of fact and law.[1]

 **I.** **Case Overview.**

  Plaintiff filed this action to recover alleged back wages and other damages arising from her employment with Defendant at the 230 Fifth Rooftop Bar. *See* ECF No. 1 (Compl.) ¶¶ 1-8. Plaintiff alleges that Defendant violated wage-and-hour rights under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). *Id*. Plaintiff alleges that Defendant (1) retained a 20% "Administrative Charge" from private events (*id*. ¶¶ 77-85, 118-126); (2) paid employees for working events at a lesser rate, despite a contrary agreement (*id*. ¶¶ 86-93, 112-117); (3) failed to pay wages earned by way of drink tickets (*id*. ¶¶ 66-76, 112-117); and (4) systematically delayed the payment of wages—specifically, cash tips (*id*. ¶¶ 50-59, 94-111). Defendant denies these allegations and produced contracts that Defendant argues included NYLL-compliant language regarding an Administrative Charge. *See* Kaske Decl. ¶ 16. On February 25, the Parties settled this action through SDNY's mediation program with the assistance of Michael Wolfson. *Id*. ¶ 8. Thereafter, the Parties negotiated the terms of and executed the Agreement.

 **II.** **The Settlement is Fair and Reasonable**

  Before a stipulated dismissal of a FLSA case can take effect, the court must approve the parties' settlement. *Thomas v. AAM Holding Corp.,* No. 22 Civ. 3110, 2024 WL 4285847, at *3 (S.D.N.Y. Sept. 25, 2024) (Cave, Mag.). When reviewing settlements, courts consider whether the settlement is "fair and reasonable" based on the "five non-exhaustive factors" from *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012): (1) the plaintiff's range of recovery; (2) the expense and burden of continued litigation; (3) the litigation risks; (4) the presence of arm's-

---

[1] The parties have submitted a partially signed Agreement pending Defendant's signature. We can supplement this motion with a fully executed Agreement on or before April 4, 2025.



length bargaining between experienced counsel; and (5) any indicia of fraud or collusion.  *Id.* (cleaned up).  Courts may still deny settlement approval if the agreement contains terms that conflict with the FLSA's remedial purpose.  *See Nieto v. Izzo Constr. Corp.*, No. 15 Civ. 6958, 2018 WL 2227989, at *2 (E.D.N.Y. May 14, 2018).  Since the proposed settlement reasonably resolves disputed claims, the Court should approve it and dismiss the case.

### A.  This Settlement Satisfies the Settlement-Approval Factors.

First, Plaintiff's recovery is fair given the range of possible recovery.  *Thomas*, 2024 WL 4285847, at *2 (a 38% recovery was in the range of recovery courts approve; collecting cases). By KM's estimation, the settlement amount represents approximately 33% to 87% of Plaintiff's best-case recovery under the FLSA and NYLL, excluding fees and costs.  *See* Kaske Decl. ¶¶ 12-13.  KM bases this estimate on the information gleaned from Plaintiff, her records, the records Defendant produced, and our communications with Defendant.  *Id.* ¶ 12.

As to the second and third factors, this settlement guarantees a resolution of this matter, despite the risks associated with proving Plaintiff's claims, all before the Parties engaged in formal discovery, motions, a trial, and potential appeals.  *See* Kaske Decl. ¶¶ 14-18.  Defendant has raised significant legal and factual defenses to Plaintiff's claims that could result in Plaintiff recovery substantially less than she sought or nothing at all.  *Id*.  ¶ 16.  Thus, these factors favor approval. *See Bevel v. Mennella's Poultry Co.*, No. 23 Civ. 5678, 2024 WL 1349010, at *2 (S.D.N.Y. Mar. 1, 2024), *adopted*, 2024 WL 1346537 (S.D.N.Y. Mar. 29, 2024).

Lastly, approval of this settlement is supported under the fourth and fifth factors. The Parties were represented by competent and experienced counsel throughout the pre-suit, litigation, and settlement process.  *Id.* ¶¶ 4-8, 20-21; Exs. B (Kaske CV), C (Small CV).  And there is no indication of fraud or collusion.

### B.  The Settlement Does Not Run Afoul of the FLSA's Remedial Purpose.

The Settlement Agreement does not contain any disfavored terms.  *Id*. ¶¶ 10-11; *see Nieto*, 2018 WL 2227989, at *2 (collecting the "greatest hits" of impermissible terms).   The release is limited to wage-and-hour claims. Ex. A (Agr.) §1;  *see also Lau v. Wells Fargo & Co.*, No. 20 Civ. 3870, 2022 WL 20445560, at *1 (S.D.N.Y. Dec. 12, 2022) (Cave, Mag.) (approving revised settlement where the release was limited to wage-and-hour claims).  Even if other similarly situated employees exist, this does not outweigh Plaintiff's interest in the settlement because other employees will not be prejudiced.  *See Thomas*, 2024 WL 4285847, at *3 (noting that although the complaint alleged class claims, the release only bound the plaintiff – not the other workers).

### III.  Plaintiff's Request for Attorneys' Fees Is Reasonable.

"A one-third fee is generally deemed reasonable in this District."  *Thomas*, 2024 WL 4285847, at *5.  The reasonableness of a percentage-based fee is further reviewed by loosely applying the lodestar method as a "cross check."  *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013); *accord. Thomas*, 2024 WL 4285847, at *4.  Courts can also consider the effective hourly rate of the fee sought – also referred to as a blended hourly rate.  *See, e.g.*, *Chodkowski v. Cnty. of Nassau*, No. 16 Civ. 5770, 2021 WL 3774187, at *6 (E.D.N.Y. Aug. 25, 2021) ("Using a blended hourly rate of $272.40 an hour to determine that one-third fee in FLSA settlement was reasonable."); *Toribio v. Abreu*, No. 18 Civ. 1827, 2018 WL 6363925, at *10 (E.D.N.Y. Nov. 15,

Hon. Sarah L. Cave, U.S.M.J.
Re: *Peden v. 230FA LLC*
March 28, 2025
Page 3 of 3



2018) (recommending a blended rate for two attorneys in FLSA default judgment award at $350 an hour), *adopted*, 2018 WL 6335779 (E.D.N.Y. Dec. 4, 2018).

Pursuant to Plaintiff's retainer agreement, KM's fees amount to one-third ($8,750) of the gross settlement amount ($26,250), which is reasonable, considering the percentage of recovery and the time KM spent investigating and settling this case. Kaske Decl. ¶¶ 22-25, 28; Ex. E (Time Records). KM requested fee of $8,750 is less than 65% of counsel's lodestar, exclusive of costs. *Id.* ¶¶ 24-26; Ex. D (Summary). Furthermore, the effective hourly rate for KM's work is only $246.48 an hour as of March 7. *See* Ex. D (Summary).

KM's lodestar estimate is reasonable. KM calculated it using contemporaneous time records and billing judgment to account for overstaffing and duplicative work. *See* Kaske Decl. ¶¶ 22-24. KM used reasonable hourly rates regularly paid by our clients and submitted to courts in the Second Circuit and the local Supreme Courts of New York. *Id.* ¶¶ 29-30. These rates are in line with those approved by this Court recently. *See, e.g.*, *Thomas*, 2024 WL 4285847, at *4 (approving fee on cross-check where partner rates were $500 and $450 an hour and associate rates were $250 and $200 an hour); *Bevel*, 2024 WL 1349010, at *4 (using $500 an hour for sole practitioner with 23 years of experience). Furthermore, KM's rates are also reasonable considering the passage of time from when courts started setting fees for experienced wage-and-hour attorneys in the $300 to $400 range. *Compare id*. (citing *Burns v. Scott*, 635 F. Supp. 3d 258, 284 (S.D.N.Y. 2022)) *and Surdu v. Madison Glob., LLC*, No. 15 Civ. 6567, 2018 WL 1474379, at *10 (S.D.N.Y. Mar. 23, 2018) (cited in *Burns*; collecting cases dating back to 2014 and 2012), *with Rubin v. HSBC Bank USA, NA*, No. 20 Civ. 4566, 2025 WL 248253, at *3-6 (E.D.N.Y. Jan. 21, 2025) (adjusting rates above similar range to account for inflation and, among other things, noting that "[r]etaining the same rates as far back as at least 2012 is no longer sustainable").

Lastly, as described above, the attorneys' fees are reasonable based on: (1) the time counsel expended ; (2) the complexities of the case; (3) the risks; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000); *see also Viafara v. MCIZ Corp.*, No. 12 Civ. 7452, 2014 WL 1777438, at *13 (S.D.N.Y. May 1, 2014) ("The remedial purposes of [the FLSA and NYLL] require adequate compensation for attorneys who protect those rights.").

\*   \*   \*   \*

Accordingly, Plaintiff respectfully requests that Your Honor so order the Parties' Stipulation of Dismissal with Prejudice attached as Exhibit F. Thank you for your consideration of this matter.

Respectfully submitted,

_____
Garrett Kaske

cc: Counsel of Record (via ECF)