# **<u>Exhibit A</u>**

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is entered into by and among Plaintiff Ashley Peden ("Plaintiff") on the one hand, and Defendant 230FA, LLC ("Defendant") on the other hand. Plaintiff and Defendants are collectively referred to herein as the "Parties."

**WHEREAS**, Plaintiff commenced an action against Defendant in the United States District Court for the Southern District of New York (the "Court"), bearing Case No. 24-cv-07754 (DEH)(SLC) (the "Action") by filing a Complaint on October 11, 2024 (the "Complaint") alleging violations of the Fair Labor Standards Act (the "FLSA") and New York Labor Law (the "NYLL");

**WHEREAS**, Defendant denies all substantive allegations made by Plaintiff in the Complaint;

**WHEREAS**, on February 25, 2025, the Parties, through their counsel, engaged in a Court-referred mediation with mediator Michael Wolfson, Esq., during which an agreement in principle was reached to settle the Action;

**WHEREAS**, despite the existence of a genuine dispute between the Parties, the Parties have agreed, in good faith, to avoid the time, expense, and effort of engaging in further litigation by fully and finally resolving and settling in full, all wage and hour claims that Plaintiff has, had, or may have against Defendants, including, but not limited to, all claims and issues that were or could have been raised by Plaintiff in his Complaint;

**WHEREAS**, this Agreement constitutes a reasonable compromise of Plaintiff's claims and Defendant's defenses and of the bona fide disputes between them without the necessity of further litigation;

1

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. In consideration of the payment to Plaintiff by Defendant of the gross sum of Twenty Six Thousand Two Hundred Fifty Dollars and Zero Cents ($26,250.00) (the "Settlement Amount"), Ashley Peden hereby releases and forever discharges 230FA, LLC, as well as each of the current and former owners, managers, supervisors, board members, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers, insurance carriers, reinsurers, agents, assigns, predecessors, successors, parent companies, holding companies, and subsidiaries of Defendant, and anyone deemed by Plaintiff to be an "employer" during her employment with Defendant (all said individuals and entities referenced above, including Defendant, are hereinafter collectively referred to jointly and severally as "Releasees"), from any and all known and unknown claims, complaints, causes of action, lawsuits, demands, back wages, benefits, attorneys' fees, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Ashley Peden and each of Plaintiff's heirs, executors, administrators, agents, successors, and assigns have, had, or hereafter can have against any of the Releasees from the beginning of time to the date of this Agreement for claims arising under the Fair Labor Standards Act, New York Labor Law, and/or any other law, regulation, and/or ordinance regulating the payment of wages, including all claims set forth in the Action, all claims set forth in Plaintiff's Complaint, all claims of unpaid compensation, unpaid minimum wage, unpaid overtime, unpaid commissions, unpaid bonuses, unpaid tips, improper deductions, unpaid spread of hours, unpaid fringe benefits (including, but not limited to, any vacation, paid time off, and sick pay), unpaid accrued benefit time, liquidated damages (including, but not limited to, any

alleged damages due to untimely payment), and statutory penalties (including, but not limited to, any alleged penalties due to improper wage notices and/or improper wage statements) together "Wage and Hour Violations"). This Release shall include, without limitation, any and all claims alleged by Plaintiff in this Action. For the avoidance of doubt, the Parties acknowledge that this release is limited to any Wage and Hour Violations Plaintiff has or could have alleged.

2.      Plaintiff promises and represents that aside from the instant Action, she has no outstanding lawsuits, demands, actions, complaints, and/or claims of alleged Wage and Hour Violations concerning Plaintiff's alleged employment with any of the Releasees, filed with any federal, state and/or local agencies/administrative body and/or any judicial forum against any of the Releasees.

3.      Plaintiff further agrees that she will not file any administrative and/or judicial complaints, charges, lawsuits, claims, demands and/or actions of any kind against any of the Releasees relating to any alleged Wage and Hour Violations that took place at any time, from the beginning of time until the date of this Agreement. In the event any such complaints, charges, lawsuits, claims, demands and/or actions are filed that include Plaintiff's Wage and Hour Violations, Plaintiff agrees that she will use reasonable efforts to withdraw herself from the matter.

4.      The Parties agree to execute a "Stipulation of Dismissal with Prejudice," in the form annexed hereto as **Exhibit A**, which will be filed with the Court along with the Joint Motion for Approval of the Settlement and Release Agreement within seven (7) days after the following conditions are met: (a) all Parties sign the Agreement; (b) counsel for Defendant receives a completed IRS Form W-4 for Plaintiff; (c) counsel for Defendant receives a completed IRS Form W-9 for Plaintiff; and (d) counsel for Defendant receives a completed IRS Form W-9 for Plaintiff's counsel.

Doc ID: 869f0c083d6b298d4fd0f5dd72882eb35b8086ba

5. Within thirty (30) days after the later date on which the Court approves this Agreement and the date on which the Court "So Orders" the "Stipulation of Dismissal with Prejudice" and/or otherwise dismisses the Action with prejudice, Defendant shall pay the Settlement Amount by issuing:

    a. One (1) check payable to "Ashley Peden" in the gross amount of Eight Thousand Seven Hundred Fifty Dollars and Zero Cents ($8,750.00), less all applicable tax withholdings and deductions, representing payment for Plaintiff's alleged unpaid wages;

    b. One (1) check payable to "Ashley Peden" in the total amount of Eight Thousand Seven Hundred Fifty Dollars and Zero Cents ($8,750.00), representing payment for Plaintiff's alleged liquidated damages and penalties; and

    c. One (1) check payable to "Kessler Matura P.C." in the total amount of Eight Thousand Seven Hundred Fifty Dollars and Zero Cents ($8,750.00), representing payment of Plaintiff's attorney's fees and costs.

6. Defendant may issue an IRS tax Form W-2 to Plaintiff for the portion of the Settlement Amount that represents alleged unpaid wages and Defendant may issue an IRS tax Form 1099 to Plaintiff and Kessler Matura P.C. for their respective portions of the remainder of the Settlement Amount. Plaintiff agrees to hold Releasees harmless and indemnify Releasees from any payments Releasees may be required to make to any taxing authority as a result of Plaintiff failing to make any tax-related payment resulting from the payment of the Settlement Amount.

7. Plaintiff acknowledges that she has received sufficient consideration as set forth in this Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein,

Doc ID: 869f0c083d6b298d4fd0f5dd72882eb35b8086ba

including, but not limited to, those terms and provisions relating to unknown and/or unsuspected rights, claims, demands, and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands, and/or causes of action herein specified.

8. Plaintiff acknowledges that she is owed no further remuneration or accrued benefit time by Releasees whatsoever, including, but not limited to, any wages, commissions, spread of hours pay, tips, overtime pay, vacation or sick pay, accrued benefits, or bonuses.

9. The Parties agree that, in an action arising from any alleged breach by Plaintiff of this Agreement, in addition to any remedies available in law or equity for a breach thereof, if any Releasee is the prevailing party, Releasees shall be entitled to receive from Plaintiff all reasonable attorney's fees and costs incurred as a result of said breach. The Parties acknowledge that the aforementioned attorneys' fees and costs to be awarded in the event of a breach do not constitute liquidated damages.

10. Plaintiff affirms that she is not a Medicare or Medicaid Beneficiary (defined as any claimant for whom Medicare and/or Medicaid has paid Conditional Payments for the treatment of injuries arising out of and/or related to any matter released by this Agreement) as of the date of this Agreement and no conditional payment has been made to or on Plaintiff's behalf by Medicare or Medicaid.

11. Plaintiff further represents that she is not enrolled in a Medicare or Medicaid program and was not enrolled at the time of his alleged employment with any of the Releasees or anytime thereafter through the date of this Agreement. Plaintiff further represents and warrants that no Medicaid or Medicare payments have been made to or on behalf of Plaintiff and that no liens, claims, demands, subrogated interests, and/or causes of action of any nature or character exist or have been asserted arising from Plaintiff's employment with any of the Releasees. Plaintiff

Doc ID: 869f0c083d6b298d4fd0f5dd72882eb35b8086ba

further agrees that he, and not Releasees, shall be responsible for satisfying all such liens, claims, demands, subrogated interests, and/or causes of action that may exist or have been asserted or that may in the future exist or be asserted. In the event any action is commenced whereby any Releasee is pursued for payment in connection with the position of Plaintiff as a Medicare and/or Medicaid beneficiary, Plaintiff agrees to indemnify Releasees and hold Releasees harmless in full.

12. The Parties acknowledge that this Agreement does not constitute an admission by any of the Releasees of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by any of the Releasees that Plaintiff's claims have merit.

13. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect.

14. This Agreement shall not be interpreted in favor of or against either Party on account of such Party's counsel having drafted this Agreement.

15. Plaintiff acknowledges that she has not divested, hypothecated, or otherwise bargained away any interest she possesses in her purported claims. Plaintiff acknowledges and represents that she knows of no other person or entity that holds a remunerative interest in any plausible legal claims they could assert, and Plaintiff acknowledges and represents that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiff.

16. The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement. The Parties agree to undertake their

Doc ID: 869f0c083d6b298d4fd0f5dd72882eb35b8086ba

reasonable best efforts, including all steps and efforts contemplated by this Agreement, and any other reasonable steps and efforts that may be necessary or appropriate, by Court order or otherwise, to carry out the terms and objectives of this Agreement.

17.  This Agreement contains all the terms and conditions agreed upon by the Parties hereto relating to the claims alleged in the Action, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement relating to the claims alleged in the Action shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

18.  This Agreement may only be modified, altered or changed in writing, signed by the Parties.

19.  This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.

20.  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  In addition, this Agreement may be electronically signed via DocuSign and any electronic, scanned, and/or facsimiled copies of this Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  All other notices and documents set forth herein shall be delivered to: counsel for Defendant, Matthew Cohen, Esq., Kaufman Dolowich LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797, (516) 681-1100, facsimile (516) 681-1101, mcohen@kaufmandolowich.com, and counsel for Plaintiff, Garrett Kaske, Esq., 534 Broadhollow Road, Suite 275, Melville, New York 11747, (631) 499-9100, gkaske@kesslermatura.com.

Doc ID: 869f0c083d6b298d4fd0f5dd72882eb35b8086ba

      **IN WITNESS WHEREOF**, Plaintiff and Defendant have duly executed this Settlement and Release Agreement freely and voluntarily.

_____

Ashley Peden
Date: 03 / 27 / 2025

_____

230FA, LLC
By:
Title:
Date:

Doc ID: 869f0c083d6b298d4fd0f5dd72882eb35b8086ba

# EXHIBIT A

Doc ID: 2f41f6fd032d41af7707704217ff22bd435c0c1b

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ASHLEY PEDEN, on behalf of herself and all others similar situated,

                  Plaintiff,

  -against-

230FA, LLC,

                  Defendant.

Case No.: 24-cv-07754 (DEH)(SLC)

**STIPULATION OF DISMISSAL WITH PREJUDICE**

-----------------------------------------------------------X

     **IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the above captioned action, through their undersigned counsel, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(2) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs.

     Plaintiff is precluded from bringing any further claims against the Defendant under the Fair Labor Standards Act or New York Labor Law, or any federal, state or local law, for unpaid wages, including minimum wages and overtime pay for the period set forth in Plaintiff's Complaint.

2

Doc ID: 2f41f6fd032d41af7707704217ff22bd435c0c1b

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

Dated: ___March 27___, 2025               Dated: /March 27/, 2025

KESSLER MATURA P.C.                       KAUFMAN DOLOWICH, LLP
*Attorneys for Plaintiff*                 *Attorneys for Defendant*

By: _____             By: _____
    Garrett Kaske, Esq.                       Matthew Cohen, Esq.
534 Broadhollow Road, Suite 275           135 Crossways Park Drive, Suite 201
Melville, New York 11747                  Woodbury, New York 11797
(631) 499-9100                            (516) 681-1100
gkaske@kesslermatura.com                  mcohen@kaufmandolowich.com

**SO ORDERED:**

_____

Doc ID: 2f41f6fd032d41af7707704217ff22bd435c0c1b