UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASHLEY PEDEN, on behalf of herself and all others similar situated,

                         Plaintiff,

-v-

230FA LLC,

                         Defendant.

CIVIL ACTION NO. 24 Civ. 7754 (SLC)

**ORDER APPROVING SETTLEMENT**

**SARAH L. CAVE,** United States Magistrate Judge.

The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") have consented to my jurisdiction under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement (ECF No. 30), and have now submitted a joint Letter-Motion in support of settlement (ECF No. 34 (the "Motion")) and proposed settlement agreement (ECF No. 34-2 (the "Agreement")) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). The parties also submitted exhibits in support of the Motion, including attorney pedigree information and billing records. (ECF Nos. 34-3–34-6).

Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). The parties reached the Agreement following a mediation with an experienced mediator in the Court-annexed mediation program. (ECF No. 34-1 ¶ 8). Having carefully reviewed the Motion, the Agreement, and accompanying exhibits, the Court finds that all the terms of the Agreement, including the allocation of attorneys'

fees and costs, appear to be fair and reasonable under the totality of the circumstances and considering the factors enumerated in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  With respect to the allocation of attorneys' fees, the Court has been informed of the terms of Ms. Peden's engagement letter with her counsel and determined that there is no indication of any overreaching or deceptive conduct and that the contingency arrangement with Ms. Peden was "fair to [her] and reasonable at the time it was made[.]"  Puerto v. Happy Life Home Health Agency Inc., No. 23 Civ. 4915 (GWG), 2023 WL 8258103, at *3 (S.D.N.Y. Nov. 29, 2023).  The Court has also reviewed counsel's billing records, which demonstrate that the hourly rate and hours expended were reasonable.  Huggins v. Chestnut Holdings Inc., No. 18 Civ. 1037 (PAC), 2022 WL 44748, at *3 (S.D.N.Y. Jan. 5, 2022).  Accordingly, the Court approves the Agreement.

This action is dismissed with prejudice and without costs except as may be stated in the Agreement.  The Court retains jurisdiction to enforce the Agreement.  Any pending motions are moot.  The Clerk of Court is respectfully requested to close ECF No. 34, mark it as "granted," and close this case.

Dated:       New York, New York
             April 7, 2025

                                                SO ORDERED.

                                                _____
                                                **SARAH L. CAVE**
                                                **United States Magistrate Judge**